Harriet MILLER–LONG, Personal Representative of the Estate of Homer Mee Miller, Deceased, Plaintiff,

v.

JOHN HANSON SAVINGS & LOAN, INC., Defendant.

Civ. A. No. 86–2800 SSH.

United States District Court, District of Columbia.

Sept. 17, 1987.

Florence R. King, Washington, D.C., for plaintiff.

James A. Treanor, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment. The case involves a dispute over the validity of defendant's deed of trust to a parcel of real property once owned by plaintiff's mother, Homer Mee Miller. Upon consideration of the motions, the oppositions thereto, and the entire record, the Court concludes that defendant's deed of trust is valid, subject to the authority of the Probate Division of Superior Court of the District of Columbia to order a sale of the property should such be necessary in order to satisfy the debts of the estate.

### Background

The operative facts are not in dispute. On March 17, 1983, Richard H. Miller, the brother of the plaintiff, executed a deed of trust for the benefit of defendant John Hanson Savings & Loan, Inc. (John Hanson) on a piece of real estate located at 4724 Blaine Street, N.E., in the District of Columbia. The deed of trust was executed to secure a $45,750 loan to Miller from John Hanson. However, at the time he executed the deed of trust, the property pledged as security was owned by his mother Homer Mee Miller, not by Richard Miller.

On November 19, 1983, Homer Mee Miller died. Under the terms of the joint will of Homer Mee Miller and her husband, William Miller, who had died previously in

1982, the real property at issue here was to pass to Richard Miller. (Other real property was willed to plaintiff and her other brother.) The will was admitted to probate in the District of Columbia on July 25, 1984, and Richard Miller was appointed personal representative of the estate. (The pending Superior Court probate proceeding is Adm. No. 1476–'84.)

On September 5, 1984, John Hanson notified Miller that he was in default under the terms of his loan. On April 6, 1986, John Hanson filed suit in this Court to recover on the promissory note, alleging debt, breach of contract and fraud.[1] On June 13, 1986, plaintiff filed a complaint in this Court seeking to have John Hanson's deed of trust declared null and void. That suit was dismissed because plaintiff then lacked standing, either as a party with a vested interest in the property or as personal representative of the estate, to bring suit.[2] When Richard Miller died on September 1986, Harriet Miller–Long was appointed successor personal representative. She then filed this suit, seeking essentially the same relief that had been requested in the earlier suit.

### Discussion

The parties agree that Richard Miller did not hold title to the secured property at the time he executed the deed of trust in favor of John Hanson. John Hanson argues that although it acquired no valid interest in the real property at the time the deed of trust was executed, under the "after-acquired title" doctrine, when Homer Mee Miller died, title passed to Richard Miller and instantly secured the interest of John Hanson. Miller–Long argues that the after-acquired title doctrine does not apply here because Richard Miller never acquired "actual title" to the property.

■ Under the doctrine of after-acquired title, if a grantor purports to transfer ownership of real property to which he lacks

---

1. Final judgment in that case, *John Hanson Savings & Loan, Inc. v. Miller,* Civil Action No. 86–620, was entered on September 1, 1987.

2. See *Miller–Long v. John Hanson Savings & Loan, Inc.,* Civil Action No. 86–1641, Memorandum Opinion and Order (August 8, 1986).

legal title at the time of transfer, but subsequently acquires legal title to the property, the after-acquired title inures, by operation of law, to the benefit of the grantee. *See generally* 23 Am.Jur.2d *Deeds* § 341 (1983). This rule, followed in a majority of jurisdictions, *id.*, was adopted in the District of Columbia long ago in *Corcoran v. Brown*, 3 D.C. (3 Cranch C.C.) 143, 145–46 (1827). John Hanson contends that even though Richard Miller did not hold title to the real property at the time he executed the deed of trust, he did acquire title upon his mother's death, and, under the after-acquired doctrine, title then passed to Richard Miller, simultaneously causing the deed of trust to attach to the property.

■ Miller–Long does not challenge the validity of the after-acquired title doctrine as a matter of District of Columbia law, and concedes that "[t]here can be no question that had Richard Miller acquired good title to the subject property upon his mother's death defendant would have a valid lien against the property...." Instead, the plaintiff argues that the doctrine is inapplicable here because Richard Miller "never had actual title to, or ownership of the property." The Court disagrees.

Although the plaintiff never clearly explains the basis for her assertion that Richard Miller "never had actual title," the reason appears to be that he never acquired an actual deed to the property, or perhaps that the debts of Homer Mee Miller's estate are so large that sale of the property may be necessary. Neither circumstance affects the fact that title to the property vested in Richard Miller at the moment his mother died. "Upon the death of the testator and even before the probate of the will, the general rule is that title to realty vests in the devisee, subject to the power to sell for testator's debts. * * * If all of testator's property is exhausted in order to pay his debts, such situation does not create an intervening estate, but merely results in divesting the title which vested

in the devisee at the testator's death." W. BOWE & D. PARKER, *Page on the Law of Wills* § 59.2 (1962) (footnotes omitted); *see also, e.g., In re Rich's Estate*, 27 Misc. 2d 364, 211 N.Y.S.2d 68, 75 (1960); *Carlson v. Lindauer*, 119 Cal.App.2d 292, 259 P.2d 925, 930 (1953). Thus, plaintiff is incorrect in claiming that Richard Miller never acquired title to the property.

However, because of the possibility that sale might be necessary to satisfy debts of the estate, Richard Miller's title to the property was not indefeasible. John Hanson could receive no more than Richard Miller had to give. 23 Am.Jur.2d *Deeds* § 336 (1983). Accordingly, when Richard Miller's title inured to the constructive benefit of John Hanson, it did so subject to the same limitations. To the extent that Miller–Long seeks a judgment declaring John Hanson's deed of trust null and void, and without any legal effect, her motion for summary judgment is denied. Conversely, while John Hanson does not seek a declaration that its lien precludes the possibility of a duly authorized sale, or partial sale, of the property to satisfy the debts of Homer Mee Miller's estate, its cross-motion for summary judgment is granted—but subject to the condition discussed above.[3] Each motion, therefore, in effect is granted in part and denied in part, and the case is dismissed.

SO ORDERED.

---

3. The Court does not mean to imply that sale of the subject property is necessary to satisfy debts of Homer Mee Miller's estate, or that, if the sale of some real property is necessary to satisfy debts of the estate, the subject property should

be sold rather than either of the two other parcels of real property included in Homer Mee Miller's estate. Such determinations are committed to the Superior Court.